336 So.2d 1142 (1976)
Douglas Ray MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 48080.
Supreme Court of Florida.
July 21, 1976.
Rehearing Denied September 30, 1976.
John F. Howard, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on direct appeal from a conviction of murder in the first *1143 degree and sentence of death. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellant was indicted for first degree murder in that while engaging in the perpetration of a robbery, he did murder one Chevis Thompson, stabbing her with a knife, inflicting mortal wounds from which she died. The jury returned a verdict of guilty of murder in the first degree and after a separate sentencing proceeding, recommended the death penalty. The trial judge, specifying in detail the aggravating and mitigating circumstances, agreed that the death sentence was appropriate.
The trial judge's written findings in support of the death sentence reflect, as follows:
"This Court finds that the facts of this case do not support the aggravating circumstances in Fla. Stat. 921.141(6)[(5)], subsections (a) and (c), in that this capital felony was not committed by a person under sentence of imprisonment, nor did the defendant knowingly create a great risk of death to many persons.
"As an aggravating circumstance, the Court finds that the defendant had previously been convicted of a capital felony Fla. Stat. 921.141(6)[(5)](b). The Court finds as an aggravating circumstance, that the capital felony, the murder of Chevis Thompson, was committed as a part of another dangerous and violent felony, the robbery of Chevis Thompson, and in flight after committing that felony. Fla. Stat. 921.141(6)[(5)](d).
"The Court also finds, as an aggravating circumstance, that the capital felony was committed with the motive of avoiding and preventing arrest, was committed for pecuniary gain and to hinder the enforcement of laws. Fla. Stat. 921.141(6)[(5)](e)(f)(g).
"Turning to mitigating circumstances, the Court finds that the defendant does have a prior significant history of criminal activity. Fla. Stat. 921.141(7)[(6)](a). This fact has been considered as not being a mitigating circumstance.
"Under Fla. Stat. 921.141(7)[(6)] subsections (b) and (f), the Court finds that the defendant was suffering from no extreme mental or emotional disturbance and that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was not substantially impaired.
"The defendant moved for appointment of psychiatrists to examine him to substantiate the insanity of the defendant at the time of the crime. Doctors Barnard and Carrera were appointed and reported the results of their examination. Their report is devoid of any evidence of mental or emotional disturbance of the defendant. The psychiatrists both conclude that the defendant was sane at the time of the examination and at the time of the offense.
"Further, the Court finds that the victim certainly was not a participant in nor consented to the criminal conduct. Fla. Stat. 921.141[(6)](c)(e). No mitigation exists under either of these subsections.
"Finally, the age of the defendant has been considered as required by Fla. Stat. 921.141(7)[(6)](g). The defendant is 21. The report of Doctor Barnard contained his medical judgment that the defendant was of dull-normal intelligence.
"The Court finds the combination of the defendant's youthful age and his intelligence to be a mitigating factor.
"The Court, in the circumstances of this case, deemed the requirement of CrPR 3.710 to be directory and not mandatory. Therefore, no pre-sentence report has been considered.
"Upon consideration, it was at the time of sentencing and is now, the inescapable conclusion of the undersigned that sufficient aggravating circumstances exist in the facts to justify the death penalty. The murder of the victim by the defendant was for the purpose of executing the victim to prevent her identifying the defendant, so that the defendant could flee after having committed robbery for pecuniary gain, and to prevent the lawful *1144 arrest of the defendant and thus this conscienceless murder was designed to hinder the enforcement of laws."
Motion for new trial was denied.
Appellant contends that the trial court erred in denying his motion for new trial because the State failed to prove corpus delicti of the crime committed and erred in not polling the jury individually on the recommended sentence of death. Having carefully examined the record before us, we find no merit to appellant's points on appeal.
Relative to corpus delicti, appellant does not dispute the fact of death nor the identity of the deceased but rather contests the showing of the criminal agency of another, to-wit appellant, as the cause of death. We cannot agree. The evidence is clearly sufficient to establish that the death of the victim was caused by the criminal agency of another.
Appellant argues that, although his fingerprints were found on the cash register and although he had told another that he had killed the deceased victim because she caught him in the act of trying to get something out of the store, there is no testimony to the effect that there was a taking of money or other property by defendant through force, violence, assault or putting in fear. At most, contends appellant, the State proved an attempt to take the money.
Section 782.04(1)(a), Florida Statutes, provides:
"The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person 18 years of age or older and when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in s. 775.082."
Appellee submits that in order to sustain a conviction under the felony-murder statute it is sufficient to show that the murder was committed by appellant in the attempt to commit the crime of robbery.
We find that there was competent and sufficient evidence admitted at trial to prove the felony-murder charge.
After the separate proceeding, the jury returned an advisory sentence recommending the death sentence  "A majority of the jury advise and recommend to the court that it impose the sentence of death on Douglas Ray Meeks, the Defendant." At this point, defense counsel requested that jury be polled as to the majority. The State objected to the individual polling of each juror as to his sentence recommendation. The court then inquired of the Foreman of the jury:
"State whether or not seven or more of the members of the jury concurred in the advisory sentence recommending the death penalty which has been published."
The Foreman responded that "There was seven and more, your honor." The court then inquired of the jury itself:
"Let me ask an additional question. Does any member of the jury disagree with what the Foreman of the jury, Mr. Morgan, has announced with respect to the fact that seven or more have concurred in the advisory sentence or do you agree that he has correctly stated the finding of the jury? No one disagrees with the statement of your Foreman, Mr. Morgan? Anything further?
Mr. Howard (Counsel for Defense): No Sir."
We find no error in the trial court's action relative to the above objection to the sentencing proceeding.
We have listened carefully to oral argument, examined and considered the record in light of the assignments of error and briefs filed, and pursuant to Rule 6.16(b), *1145 Florida Appellate Rules, we have also reviewed the evidence to determine whether the interests of justice require a new trial, with the result that we find no reversible error is made to appear and that the evidence in the record before us does not reveal that the ends of justice require that a new trial be awarded.
Weighing the aggravating and mitigating circumstances, the trial judge was warranted under the particular facts of this case in imposing the death penalty upon the appellant for the commission of this heinous crime. The judgment and sentence of the lower court are in accordance with the justice of the cause.
Accordingly, the judgment and sentence of the trial court are hereby affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.