364 So.2d 461 (1978)
Douglas Ray MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 47533.
Supreme Court of Florida.
November 2, 1978.
Certiorari Denied November 27, 1978.
*462 John F. Howard, Sebring, for appellant.
Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
Certiorari Denied November 27, 1978. See 99 S.Ct. 592.
PER CURIAM.
On October 28, 1976, this Court affirmed, inter alia, the conviction of appellant for murder in the first degree and the sentence of death imposed thereon by the Circuit Court for Taylor County, Florida. See Meeks v. State, 339 So.2d 186 (Fla. 1976). Subsequent to our decision in that cause, however, the United States Supreme Court released its decision in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). This Court thereupon issued a Gardner inquiry to the sentencing court to determine whether the death sentence of appellant had been based upon the consideration of evidence which was not known to appellant or which he had no opportunity to explain or deny.
The response of the sentencing judge stated that the sentence of death was grounded, in part, on the psychiatric report of Dr. Carrera. This report contained statements purportedly made by appellant to the examining psychiatrist in which he admitted having agreed with his accomplice to the armed robbery, which culminated in the murder in issue, that witnesses to the robbery should be shot. The testimony adduced at appellant's trial revealed that both he and his accomplice fired shots at two individuals who were present during the robbery, one of whom died from the shooting. Appellant, however, had contended that he had never intended to kill anyone. Although the report recited that appellant's counsel was present during the examination which formed the basis for the report, the response of the trial judge to the Gardner inquiry stated that "[i]nsofar as the Court is now aware, [the report] has never been seen by counsel for the State or the defendant."
On July 28, 1977, following our receipt of the aforementioned response of the trial judge, this Court remanded the cause to him for an evidentiary hearing on resentencing only, pursuant to Gardner v. Florida, supra. During this evidentiary hearing appellant's counsel acknowledged that he had, in fact, been present at the psychiatric examination during which appellant made the aforementioned incriminating statements. Appellant was then afforded an opportunity to rebut this portion of the report of Dr. Carrera but, instead, his testimony confirmed the accuracy of its contents.
The trial judge found no evidence to alter the decision arrived at by him at the time of the original sentencing and, accordingly, adhered to the sentence of death and his written findings of fact in support thereof.
*463 Based upon the foregoing, this Court finds no violation of the Gardner principle in that appellant has had access to and an opportunity to rebut all information relied upon by the trial judge in imposing the sentence of death. Therefore, the sentence of death reimposed upon appellant in this cause subsequent to the evidentiary hearing is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.