418 So.2d 987 (1982)
Douglas Ray MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 59958.
Supreme Court of Florida.
June 17, 1982.
Rehearing Denied September 13, 1982.
Stephen D. Stitt and June Rice, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a denial, after evidentiary hearing, of appellant's post-conviction relief motion under Florida Rule of Criminal Procedure 3.850, asserting ineffective assistance of trial counsel. Appellant was convicted of a convenience store armed robbery, at which he and an accomplice forced a store clerk and customer to lie on the floor. Appellant then fired five execution-type shots, killing the customer but, fortunately, only wounding the clerk, who later testified that appellant was the one with the gun.
This is the fourth occasion that this case has appeared before this Court. The initial trial, in March, 1975, was one of the first death cases tried under the newly approved death sentence procedures. We have detailed the facts of this case in our three prior reviews. In Meeks v. State, 339 So.2d 186 (Fla. 1976), cert. denied, 439 U.S. 991, 99 S.Ct. 592, 58 L.Ed.2d 666 (1978), we reviewed appellant's trial on the merits and affirmed his conviction and sentence of death. In Meeks v. State, 364 So.2d 461 *988 (Fla. 1978), this Court reaffirmed the imposition of the death sentence, after a remand for resentencing in order to comply with the dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The Gardner violation was discovered after the original opinion issued. In Meeks v. State, 382 So.2d 673 (Fla. 1980), we found the allegations contained in that part of appellant's 3.850 motion relating to ineffective assistance of counsel required an evidentiary hearing, and we remanded for that purpose. It is the review of that proceeding which is now before us.[*]
Appellant contends that his trial counsel was ineffective, claiming (1) that counsel conducted inadequate jury voir dire and failed to seek and obtain additional preemptory challenges; (2) that counsel improperly allowed the prosecutor to present evidence relating to appellant's codefendant and failed to properly pursue a strategy of establishing the codefendant's greater culpability; and (3) that appellant's original trial counsel was unprepared for the sentencing phase of the proceeding.
The trial court, in denying the relief requested, made the following findings:
From the vantage point of hindsight of five years, defendant, through his present counsel, assaults the conduct of his defense by his former counsel. Although told that his former counsel was present for testimony, defendant did not choose to call him to explain his conduct of the trial and appeal. The State did not call former counsel. Nor did the Court. Thus, counsel whose conduct of the trial and appeal is in question did not testify.
Both defendant and the State did call attorneys to testify as expert witnesses. Opinions were expressed by them as to trial counsel's effectiveness. Defendant also made proffers as to racial attitudes in Taylor County as they existed at trial time and at the present as well as concerning defendant's background. Upon consideration, the court finds that the greater weight of the evidence does not support defendant's contention that he did not receive reasonably effective assistance of counsel.
Tactics and strategy of counsel at trial, just as tactics and strategy of counsel at the instant evidentiary hearing, are areas that the trial judge could frequently be tempted to question. The court attempts to refrain from doing so lest it usurp counsel's role.
Upon consideration of the evidence, the court finds that defendant received reasonably effective assistance of counsel at trial and upon appeal based upon the totality of the circumstances of these cases.
We affirm the ruling of the trial judge.
With reference to the asserted criticisms of trial counsel's conduct at jury selection, it must be recognized that the methods of jury voir dire are subjective and individualistic. Many experienced trial lawyers have a strong belief in short voir dire examinations. Conversely, others conduct as extensive an examination as the trial judge will allow. The views of what constitutes the best tactical approach are divergent, and the manner of the examination varies from community to community. What might be appropriate in Palm Beach or Fort Lauderdale may be unacceptable in Pensacola or Marianna. We find this record does not establish any identifiable deficiencies in appellant's trial counsel's voir dire examination; nor do we find his asserted failure to ask for additional peremptory challenges an erroneous omission by counsel necessitating a conclusion of ineffectiveness.
We also reject the second contention that appellant's trial counsel was deficient by allowing evidence of the codefendant's participation in the crime. It clearly appears that defense counsel attempted to make the codefendant the more dominant participant. In fact, appellant's next assertion of deficiency is that defense counsel did *989 not do enough to establish the dominance of his codefendant, both in the trial on the merits and in the penalty phase. This argument, to be valid, must as a predicate establish the codefendant as the undisputed dominant individual. That fact has not been established in the instant case. We recognize that the dominant individual in a multi-party murder constitutes an important element, particularly where one participant receives the death sentence and the other, as in the instant case, receives only a life sentence. However, we have examined the total record in this cause and conclude that it reflects the codefendant was not the dominant force. We conclude that appellant's trial counsel provided reasonably effective assistance of counsel under the instant circumstances.
We reject the third assertion that defense counsel did not properly represent appellant in the sentencing phase of these proceedings. Appellant argues that trial counsel six years ago should have known what the law would be at this time. This is clearly without merit. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Knight v. State, 394 So.2d 997 (Fla. 1981).
We find that appellant has failed to show that the asserted deficiencies of his trial counsel meet the requirements set forth in Knight v. State. As we said in Knight, "the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." Id. at 1001. This, appellant has not done. The trial judge properly denied the motion for post-conviction relief, and we, accordingly, affirm.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[*] This decision should not be confused with Meeks v. State, 336 So.2d 1142 (Fla. 1976), which concerns a review of an entirely independent murder conviction and sentence of death.