888 F.2d 94
 Frank SMITH, Petitioner-Appellant,
v.
Richard L. DUGGER, Secretary, Florida Department of
Corrections; Tom Barton, Superintendent of Florida State
Prison at Starke, Florida; Robert A. Butterworth, Attorney
General of the State of Florida, Respondents-Appellees.
 No. 86-3333.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 5, 1989.
 
 Billy H. Nolas, Office of Capital Collateral Representative, Tallahassee, Fla., Santha Sonenberg, Public Defender Service for the Dist. of Columbia, Washington, D.C., for petitioner-appellant.
 Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, Fla., Patricia Conners, Dept. of Legal Affairs, Carolyn Snurkowski, Tallahassee, Fla., for respondents-appellees.
 Appeal from the United States District Court of the Northern District of Florida.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING IN BANC
 Before HATCHETT and EDMONDSON, Circuit Judges, and RONEY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Action on the petition for rehearing in this case has been unduly delayed. The only issue of concern to the Court is the so-called Hitchcock issue. Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), was decided after this case was decided by the district court and while it was on appeal. At one point on the appeal, petitioner, Frank Smith, sought to have the appellate proceeding held in abeyance pending resubmission of this issue to the state court. This motion was denied. If Smith had been entitled to relief on any other ground asserted on appeal, such delay by that procedure would not have been justified.
 
 
 2
 The Court, however, denied relief on all grounds initially asserted on this appeal by opinion dated March 9, 1988. 840 F.2d 787. The mandate has not been issued pending consideration of the Petition for Rehearing and Suggestion for Rehearing In Banc, and the supplemental briefs filed in connection therewith.
 
 
 3
 As far as is known to this Court, petitioner has not yet sought to resubmit the Hitchcock issue to the state court in light of the United States Supreme Court decision and subsequent cases decided by this court and the Florida Supreme Court.
 
 
 4
 It is inappropriate for this Court to deal with these issues on this petition for rehearing. The petition is denied without prejudice to the petitioner's properly presenting the claims to the Florida state courts, a procedure that is required by the exhaustion rule prior to the submission of the issue to the Federal court. Were it not for Hitchcock v. Dugger, supra, this petition for rehearing would have been denied without comment. This Order clarifies that the unexhausted claim based on these later cases is not foreclosed by this decision.
 
 
 5
 The Petition for Rehearing is DENIED, and no member of this panel nor other Judge in regular active service on the court having requested that the Court be polled on rehearing in banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing In Banc is DENIED.