556 So.2d 1096 (1990)
Frank Elijah SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 75450.
Supreme Court of Florida.
February 8, 1990.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. CCR, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Frank Elijah Smith, a prisoner under sentence of death, appeals the denial of relief on his second motion filed under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The facts of this case are fully discussed in the prior appeals and collateral challenges involving this appellant. Smith v. Dugger, 888 F.2d 94 (11th Cir.1989), petition for cert. filed, No. 89-6347 (U.S. Dec. 29, 1989); Smith v. Dugger, 840 F.2d 787 (11th Cir.1988); Smith v. State, 457 So.2d 1380 (Fla. 1984); Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983). This appeal presents only a single issue that is not procedurally barred.
Smith argues that the instruction given by the trial court in this instance, combined with other circumstances of the case, violated the teachings of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). As the state conceded at argument, the trial court's jury instruction in this instance facially violated Hitchcock by failing to inform the jury that it could consider any and all mitigating evidence submitted by the defense. The question remaining is whether this error is harmless beyond a reasonable doubt.
We have reviewed the record in its entirety and are convinced that there is no reasonable possibility that the error contributed to Smith's sentence. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Thus, the state has met its burden of proving harmless error. The facts of this murder, which are discussed at length in the prior cases involving this appellant, disclose a heinous and calculated abduction, sequestration and rape of the victim. After the rape, the victim then was transported to an isolated location and slain execution-style. An overwhelming body of aggravating factors was found by the trial court and sustained by this Court on direct appeal. We can entertain no reasonable doubt that the result of the sentencing hearing would not have been different had the jury heard the proper instruction and considered any available mitigating evidence.
The order of the court below is affirmed. We find all other issues raised by Smith to be procedurally barred. The consolidated application for stay of execution and motion for stay of execution pending filing *1097 and disposition of a writ of certiorari in the United States Supreme Court is denied.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
NO MOTION FOR REHEARING WILL BE ENTERTAINED BY THIS COURT.
BARKETT, Justice, dissenting.
I cannot conclude beyond a reasonable doubt that the Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), error was harmless. Defense counsel at the trial has conceded in an affidavit that he did not properly develop the available nonstatutory mitigating evidence because he believed the law forbade its introduction as evidence  an erroneous assumption reinforced by the judge's erroneous jury instruction. At the very least, an evidentiary hearing is mandated to consider the testimony proffered by the attorney in his affidavit. Moreover, even without any additional evidence of mitigation, I cannot say that if the jury had been properly instructed, the result would have been the same beyond any reasonable doubt. For example, the jury clearly had questions pertaining to whether Smith or codefendant Copeland fired the fatal shots. During deliberations, the jury asked the judge whether a defendant must be guilty of actually pulling the trigger or whether he may be found to have used a firearm through his association as an accomplice in a murder where a firearm is used. We have previously held that the fact that the defendant might not have been the shooter is a permissible nonstatutory mitigating factor. See, e.g., Taylor v. State, 294 So.2d 648, 652 (Fla. 1974). There were other factors presented that could have been deemed nonstatutory mitigation. Yet, the jury was not told they could consider these factors in deciding the penalty. Accordingly, I would vacate the sentence and remand for a new sentencing hearing that complies with Hitchcock.