# Supreme Court of Florida

_____

No. SC17-1229
_____

**JEFFREY GLENN HUTCHINSON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[March 15, 2018]

PER CURIAM.

Jeffrey Glenn Hutchinson appeals an order of the circuit court summarily denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. We affirm the circuit court's summary denial of Hutchinson's postconviction claim in light of our decisions in *Brant v. State*, 197 So. 3d 1051, 1079 (Fla. 2016), and *Mullens v. State*, 197 So. 3d 16, 38-40 (Fla. 2016).

Hutchinson murdered Renee Flaherty and her three children, Logan, Amanda, and Geoffrey. *Hutchinson v. State*, 882 So. 2d 943, 948-49 (Fla. 2004).

A jury convicted him of four counts of first-degree murder with a firearm. *Id.* at 948. Hutchinson waived his right to a penalty phase jury and presented mitigation to the trial judge. *Id.* On January 21, 2001, the trial court conducted a colloquy, found his waiver voluntary, and excused the jury. *Id.* at 949. Hutchinson was sentenced to life imprisonment for the murder of Renee Flaherty and to a death sentence for each child's murder. *Id.* at 948. The trial court found two aggravators for the murders of Logan and Amanda: (1) previously convicted of another capital felony for the murders of the other children; and (2) victim under 12 years of age. The trial court found three aggravators for Geoffrey's murder: (1) previously convicted of another capital felony for the murders of the other children; (2) victim under 12 years of age; and (3) heinous, atrocious, or cruel (HAC). Hutchinson raised ten issues in his direct appeal, and this Court affirmed the four convictions and three death sentences. *Id.* at 961.[1]

---

1. Hutchinson raised the following issues:

(1) whether the trial court improperly instructed the jury; (2) whether the trial court erred in admitting certain testimony as an excited utterance; (3) whether the trial court erred in repeatedly overruling objections to the State's closing argument; (4) whether the trial court erred in denying Hutchinson's motion for mistrial; (5) whether the trial court erred in denying Hutchinson's motion for judgment of acquittal; (6) whether the trial court erred in denying Hutchinson's motion for a new trial; (7) whether the trial court erred in considering section 921.141(5)(1), Florida Statutes (2000), as an aggravating circumstance; (8) whether the trial court erred in finding that Hutchinson committed the murder of the children during the course of

In 2005, Hutchinson filed his initial postconviction motion and an amended motion following the withdrawal of counsel and appointment of new counsel. *Hutchinson v. State*, 17 So. 3d 696, 699 (Fla. 2009). The circuit court denied the motion following an evidentiary hearing on some of the claims. Hutchinson raised three issues in his appeal of the circuit court's denial. *Id.* at 700.[2] This Court affirmed the denial of relief. *Id.* at 704.

Hutchinson filed a federal habeas petition pro se on July 24, 2009, and Hutchinson's habeas counsel filed an amended habeas petition on November 23, 2009. The district court dismissed the amended petition as untimely. *Hutchinson v. Florida*, No. 5:09-CV-261-R5, 2010 WL 3833921 (N.D. Fla. Sept. 28, 2010).

---

an act of aggravated child abuse; (9) whether the trial court erred in finding heinous, atrocious, or cruel (HAC) as an aggravating circumstance in the murder of Geoffrey Flaherty; and (10) whether death is a proportional sentence.

*Hutchinson*, 882 So. 2d at 949-50.

2. Hutchinson raised the following claims before this Court on appeal:

(1) trial counsel rendered ineffective assistance during the guilt phase by failing to present evidence that Hutchinson's voice was not on the 911 audio tape; (2) trial counsel rendered ineffective assistance during the guilt phase by failing to introduce into evidence the nylon stocking found at the crime scene; and (3) the trial court erred in summarily denying Hutchinson's claims of actual innocence and conflict of interest.

*Hutchinson*, 17 So. 3d at 700.

The Eleventh Circuit Court of Appeals affirmed. *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir.), *cert. denied*, 568 U.S. 947 (2012). Hutchinson filed a rule 60(b) motion to reopen his federal habeas case pro se. The federal district court assigned the capital habeas unit (CHU) as federal habeas counsel of record. This motion remains pending in federal court and is stayed pending the outcome of this appeal.

On January 11, 2017, Hutchinson's CHU counsel filed a successive postconviction motion in state court seeking relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). The State filed its answer on January 27, 2017, asserting that the motion should be summarily denied because Hutchinson waived any right to *Hurst* relief when he waived his penalty phase jury. Hutchinson filed a reply on March 29, 2017. The circuit court summarily denied Hutchinson's motion on May 30, 2017. This appeal followed.

A circuit court's decision on whether to grant an evidentiary hearing on a postconviction motion is a pure question of law, reviewed de novo. *Mann v. State*, 112 So. 3d 1158, 1162 (Fla. 2013). When determining whether an evidentiary hearing is required on a successive rule 3.851 motion, this Court considers the entire record. "If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing." Fla. R. Crim. P. 3.851(f)(5)(B). Although evidentiary hearings on

factually based claims raised in successive rule 3.851 motions are not automatically required, courts are encouraged to liberally allow such hearings on timely raised claims. *See Amends. to Fla. Rules of Crim. Pro. 3.851*, 797 So. 2d 1213, 1219-20 (Fla. 2001).

To the extent that Hutchinson asserts that his penalty phase jury waiver was invalid because counsel was ineffective, the circuit court properly found that Hutchinson is not entitled to relief. This Court has determined that in order to succeed on a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), the claimant must identify counsel's deficient performance and demonstrate that counsel's deficiency so affected the proceeding that it undermined confidence in the outcome. *Occhicone v. State*, 768 So. 2d 1037, 1045 (Fla. 2000). In *Occhicone,* this Court held that "strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Id.* at 1048. Counsel's properly advising Hutchinson of the law at the time and recommending jury waiver was not deficient performance. Hutchinson is not entitled to relief on an ineffective assistance claim.

While *Hurst* is retroactive to defendants whose sentences became final after *Ring*[3] was decided, *Hurst* relief is not available for defendants who have waived a penalty phase jury. *See Brant v. State*, 197 So. 3d 1051, 1079 (Fla. 2016); *Mullens v. State*, 197 So. 3d 16, 38-40 (Fla. 2016). In consideration of a penalty phase jury waiver in the context of a guilty plea on direct appeal, this Court opined:

> If a defendant remains free to waive his or her right to a jury trial, even if such a waiver under the previous law of a different jurisdiction automatically imposed judicial factfinding and sentencing, we fail to see how [the defendant], *who was entitled to present mitigating evidence to a jury as a matter of Florida law even after he pleaded guilty and validly waived that right*, can claim error. As our sister courts have recognized, accepting such an argument would encourage capital defendants to abuse the judicial process by waiving the right to jury sentencing and claiming reversible error upon a judicial sentence of death. [*State v.*]*Piper*, 709 N.W.2d [783,] 808 [(S.D. 2006)] (citing *People v. Rhoades*, 753 N.E.2d 537, 544 (2001)). This we refuse to permit.

*Mullens v. State*, 197 So. 3d 16, 39-40 (Fla. 2016). This Court has also held that "[a] similar claim in postconviction proceedings is necessarily precluded." *Brant*, 197 So. 3d at 1079.

Although *Mullens* is distinguishable from this case because the defendant in that case pled guilty, this Court's determination that his jury waiver precluded *Hurst* relief is applicable to this case. Here, the circuit court properly found that Hutchinson's colloquy supported the conclusion that his waiver was knowing,

---

3. *Ring v. Arizona*, 536 U.S. 584 (2002).

intelligent, and voluntary. Hutchinson maintains that his waiver became invalid as a result of the change in the law after *Hurst*.

Hutchinson contends that his case is distinguishable from *Mullens* and *Brant* because he challenges the validity of his waiver. Contrary to Hutchinson's assertion, the defendant in *Brant* also challenged the validity of his waiver, arguing that counsel was ineffective in light of the change in *Hurst* just as Hutchinson argues in this case. In both *Mullens* and *Brant*, this Court found that the defendants' waivers were knowingly, intelligently, and voluntarily made based on their colloquies, even though those waivers were made with the advice of counsel based on pre-*Hurst* law. *See Brant*, 197 So. 3d at 1066; *Mullens*, 197 So. 3d at 39-40. Hutchinson's waiver is no different.

Hutchinson also argues that he is entitled to an evidentiary hearing on this claim because this Court granted evidentiary hearings in *Meeks v. Dugger*, 576 So. 2d 713, 716 (Fla. 1991), and *Hall v. State*, 541 So. 2d 1125, 1128 (Fla. 1989), to determine the effect of constitutional error on defense counsel. Following the United States Supreme Court's decision in *Hitchcock v. Dugger*, 481 U.S. 393 (1987), providing that jurors must be instructed on and the defendant allowed to present nonstatutory mitigation, this Court considered Meeks' *Hitchcock* claim. The affidavits in Meeks' case demonstrated that counsel did not seek to develop nonstatutory mitigation because of the then-prevailing statutory construction which

only provided for mitigation enumerated in the statute. *Meeks*, 576 So. 2d at 716. This Court granted an evidentiary hearing. *Id.* In *Hall*, this Court granted an evidentiary hearing on the defendant's *Hitchcock* claim based on the affidavits of numerous mental health experts regarding nonstatutory mitigation which would have been available had counsel believed nonstatutory mitigation was available under the law. *Hall*, 541 So. 2d at 1127.

A defendant's ability to waive a penalty phase jury did not change after *Hurst*. Unlike Hutchinson, the defendants in *Meeks* and *Hall* did not waive any rights. Had they waived their rights to present evidence during the penalty phase, they would not have been eligible for relief on their *Hitchcock* claims. *See Tafero v. Dugger*, 520 So. 2d 287, 289 (Fla. 1988) (denying relief on a *Hitchcock* claim where the defendant validly waived his right to present evidence at his penalty phase). Similarly, Hutchinson is not entitled to relief on this *Hurst* claim where he waived his right to a jury trial. Unlike the change of law in *Hitchcock*, the change of law under *Hurst* does not have any bearing on the evidence that a lawyer might choose to develop or that expert witnesses may present. *Hurst* relief is not available to individuals who waived their right to a penalty phase jury.

Hutchinson also contends that under *Halbert v. Michigan*, 545 U.S. 605, 623 (2005), he could not have waived a post-*Hurst* right to a unanimous jury recommendation before the imposition of death because the courts did not

recognize the right at the time. The United States Supreme Court held in *Halbert* that the Due Process and Equal Protection Clauses require appointment of first-tier postconviction counsel for indigent defendants and that the defendant's plea of nolo contendere did not preclude the court from granting him relief. Hutchinson contends that this Court should follow *Halbert* in finding that *Hurst* created a new right to a jury trial distinct from the pre-*Hurst* right, and further find that his jury waiver does not preclude *Hurst* relief. The United States Supreme Court rejected an argument similar to Hutchinson's in *McMann v. Richardson*, 397 U.S. 759, 773-74 (1970), holding that a change in the law regarding coerced confessions did not liberate a defendant from a plea entered under the old law.

Unlike the right to first-tier postconviction counsel in *Halbert*, the right to a jury trial was well recognized before *Hurst*. Although Hutchinson contends that *Halbert* affected postconviction proceedings and therefore should be followed here, *Halbert* did not establish any rights related to successive postconviction proceedings like this one. As previously stated, this Court has explicitly rejected Hutchinson's argument, opining that "accepting such an argument would encourage capital defendants to abuse the judicial process by waiving the right to jury sentencing and claiming reversible error upon a judicial sentence of death. This we refuse to permit." *Mullens*, 197 So. 3d at 40 (citations omitted).

Based on the foregoing, we affirm the decision of the circuit court and deny relief on Hutchinson's claim.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Okaloosa County,
    John T. Brown, Judge - Case No. 461998CF001382XXXACX

Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida; and Clyde M. Taylor, Jr. of Taylor & Taylor, LLC, St. Augustine, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee