450 So.2d 208 (1984)
William M. SQUIRES, Appellant,
v.
STATE of Florida, Appellee.
No. 61931.
Supreme Court of Florida.
March 15, 1984.
Rehearing Denied June 13, 1984.
*210 Jerry Hill, Public Defender and Robert F. Moeller, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen. and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
William M. Squires was convicted of the first-degree murder of Jesse Albritton. The trial judge imposed the death penalty in accordance with the jury's advisory sentence recommendation. Squires appeals from the conviction and the sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Having reviewed the record and considered the issues presented on appeal, we find no reversible error and affirm Squires' conviction and sentence.
Evidence at trial described the following events: On the evening of September 2, 1980, Jesse Albritton was abducted from the service station where he worked. Incident to the kidnapping, the service station was robbed of an undetermined amount of money and cigarettes. The next day Albritton's body was discovered in a wooded area in Hillsborough County. He had been shot five times at close range  once in the shoulder with a shotgun and four times in the head with a pistol.
At the time of Albritton's murder, Squires was an escapee from the Florida State Prison System, having been sentenced to three consecutive life sentences. Tampa police apprehended Squires on December 24, 1980, after receiving information of the fugitive's whereabouts from Mrs. Charlotte Chambliss. On April 29, 1981, Squires was indicted and charged with the premeditated murder, robbery, and kidnapping of Albritton.
At trial the state called Rex Seimer, a correctional officer at Lake Butler, and Robert Fain, a prison inmate. Both men testified that Squires admitted to them to killing Albritton. Detective Gerald Helms also testified that Squires had admitted to robbing the victim and to being present when Albritton was shot. However, Squires told Helms that he personally had not pulled the trigger. The state then offered the testimony of Terry and Charlotte Chambliss, both of whom confirmed that Squires was in Tampa on September 2, 1980, the date of Albritton's abduction and murder. Mr. Chambliss told the court of seeing Squires with several pistols and a shotgun. He also observed several cartons of cigarettes in the back of the defendant's automobile. Finally, Mr. Chambliss recounted a conversation he had with Squires during which Squires stated that he had run into trouble during a robbery and had to "dust one." Squires' defense was basically that of alibi, attempting through testimony and credit card records to place himself somewhere else when the crime was committed. The jury found Squires guilty as charged of premeditated murder, robbery, and kidnapping, then recommended that the death penalty be imposed.
On appeal Squires raises seven points which will be addressed in order of their presentation. In the first point on appeal Squires contends that the trial court violated the Williams Rule by permitting the state to introduce testimony that he had, on several occasions, shot at persons other than the victim. Squires argues that this testimony introduced prejudicial evidence of his alleged criminal activity unrelated to the charges brought at trial and served no purpose but to illustrate his bad character. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla. Stat. (1981).
We cannot agree. The record shows that appellant put forward testimony of Officer Kinnard who stated that Squires had personally spared his (Kinnard's) life during an unrelated kidnapping episode. Squires then took the stand and made additional self-serving statements regarding his aversion to killing. Only after the accused entered these statements did the state produce the challenged testimony linking Squires with other shootings. By attempting to demonstrate his non-violent character, Squires had placed this alleged trait in issue. The trial court properly allowed the *211 state to rebut these assertions of non-violent character by showing that Squires had fired deadly weapons at persons other than the victim. Lewis v. State, 377 So.2d 640 (Fla. 1979); § 90.404(1)(a), Fla. Stat. (1981).
In his second point on appeal Squires argues that the trial court committed fundamental error by failing to instruct the jury on excusable and justifiable homicide. This argument is also without merit. At trial appellant's counsel and the prosecutor entered into a written stipulation setting forth the appropriate jury instructions. The agreed upon instructions contained the following reference to the terms "excusable" and "justifiable" deadly force:
In this case, William M. Squires is accused of first degree murder.
Murder in the first degree includes the lesser crimes of murder in the second degree, murder in the third degree and manslaughter, all of which are unlawful.
A killing that is excusable or was committed by the use of justifiable deadly force is lawful.
Squires never objected to these instructions. In the absence of fundamental error, failure to object to the instructions as given precludes review of those instructions on appeal. Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). Where defendant is convicted of first-degree murder an error or omission in an instruction on the lesser included offense of manslaughter is not fundamental error. See Ray v. State, 403 So.2d 956 (Fla. 1981); Dobbert v. State, 328 So.2d 433 (Fla. 1976), aff'd, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Since the instructions were not objected to at trial and no fundamental errors have been detected in the record, Squires is precluded from a review of those instructions on appeal.
The balance of Squires' challenges focus upon the penalty phase of the trial. In his third point on appeal, Squires submits that the trial court found in mitigation that he was an incidental accomplice in a murder committed by another person and, therefore, the imposition of the death penalty was inappropriate under the rationale of Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) (there the Court held that identical treatment of a robber, who killed victims, and an accomplice, who did not kill and did not intend to participate in the murders, for purposes of imposing the death penalty, was impermissible under the eighth amendment). We disagree, for here, unlike Enmund, both the sentencing order and the record indicate that the defendant (Squires) was personally responsible for the murder of Jesse Albritton. The finding from which Squires argues was made in respect to the factor enumerated in section 921.141(6)(d), Florida Statutes (1981), where the trial court stated:
D. THE DEFENDANT WAS AN ACCOMPLICE IN THE CAPITAL FELONY COMMITTED BY ANOTHER PERSON AND HIS PARTICIPATION WAS RELATIVELY MINOR.
FACT:
The evidence in the record by way of defendant's own testimony reveals that the defendant admitted to Detective Gerald Nelms, Detective George Peterson and Al Dayton that he had assisted in the robbery and kidnapping of the victim, Jesse Albritton, but that he had not personally shot the victim. Defendant admitted to Detective Nelms that he was present when the victim was killed but that he did not actually pull the trigger.
CONCLUSION:
Evidence based solely on the Defendant's own testimony supports the contention that the defendant was an accomplice in the capital felony committed by another person and his participation was relatively minor. (emphasis added).
This finding was written in compliance with Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), which requires the trial court to consider all relevant mitigating evidence and weigh it against evidence of aggravating circumstances before imposing the death penalty. In the aforementioned finding, the trial court reports only that it has considered all *212 possible evidence in mitigation; namely, appellant's self-serving statements disavowing personal involvement in the murder. Contrary to Squires' contentions, the court did not accept his testimony as ultimate fact. When viewed in total, both the sentencing order and the record point to one conclusion  Squires was personally responsible for the shooting death of Jesse Albritton. Accordingly, Squires' reliance on Enmund is unfounded. We find no reversible error. Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983).
In his fourth point on appeal Squires contends that the trial court improperly used the underlying felonies in this case (robbery and kidnapping) both to support his felony-murder conviction and as an aggravating circumstance in the penalty phase and therefore violated due process and equal protection principles. He argues that one convicted of felony-murder is prejudiced by section 921.141(5)(d) for that person enters the sentencing phase with one statutory aggravating circumstance already established against him. This Court has consistently rejected this very argument. See Waterhouse v. State, 429 So.2d 301 (Fla. 1983); Menendez v. State, 419 So.2d 312 (Fla. 1982); and White v. State, 403 So.2d 331 (Fla. 1981), cert. denied, ___ U.S. ___, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983). We see no reason to recede from our position as enunciated in these decisions. Therefore, we reject Squires' arguments as being without merit. Our decision remains notwithstanding the United States Supreme Court's ruling in Enmund v. Florida. Enmund did not invalidate section 921.141(5)(d); rather, it prohibited the imposition of the death penalty on one who was vicariously guilty of felony-murder, but neither killed nor intended to kill the victim. Since this Court has already determined that Squires was personally responsible for the death of Jesse Albritton, the Enmund decision has no impact on our ruling here.
In his fifth point on appeal Squires contends that the trial court effected an improper "doubling" of aggravating circumstances by finding that the capital felony was especially heinous, atrocious and cruel, and was committed in a cold, calculated and premeditated manner. We do not agree. In Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982), this Court indicated that, facts permitting, a murder can be both heinous, atrocious, and cruel, and cold, calculated, and premeditated. The record in the instant case shows that the victim was shot five times at close range, once in the shoulder with a shotgun and four times in the head with a pistol. In addition, trial testimony shows that Squires admitted to Robert Fain that he had shot the victim first with a shotgun and then, as the victim lay screaming in pain, completed the task by firing the remaining shots into victim's head with a revolver. The evidence shows clearly that the murder was committed so as to cause the victim unnecessary and prolonged pain. Therefore, the trial court's finding that the murder was heinous, atrocious, and cruel should not be disturbed. Cf. Stevens v. State, 419 So.2d 1058 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983). Furthermore, ample evidence in the record supports the finding that the murder was committed in a cold, calculated and premeditated fashion. As stated above, Squires shot Jesse Albritton four times in the head with a revolver after having initially wounded the man with a shotgun. The fatal pistol shots were fired at extremely close range, a distance estimated by the medical examiner of not more than two inches. Squires' cold-blooded, calculating and painstaking efforts in effecting the murder are plainly illustrated by the record. Accordingly, the trial court's finding that the murder was committed in a cold, calculating, and premeditated fashion was proper. Cf. Smith v. State; Combs v. State.
In his sixth point on appeal, Squires argues that the trial court gave improper double consideration to a single circumstance by citing both that he had *213 previously been convicted of a violent felony and that the capital felony was committed by a person under sentence of imprisonment, citing Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977).
The principle enunciated in Provence does not apply. In Provence we held it improper for a trial court to consider two aggravating circumstances (murder committed during the course of a robbery and murder committed for pecuniary gain) both based on the same evidence and the same aspect of the defendant's crime. This reasoning does not apply to the two aggravating circumstances here. Squires' previous life felony convictions and his status as an escapee are two distinct characteristics of the defendant not based on the same evidence and the same essential facts. Separate findings of the two factors are therefore proper. Cf. Waterhouse v. State.
In his final point on appeal, Squires submits that the trial court found him guilty of felony murder rather than premeditated murder, and that by sentencing him for first-degree felony murder and for the underlying felonies of robbery and kidnapping, the trial court violated the principle of law as enunciated in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). We do not agree. This Court recognizes Hegstrom and its sentencing restrictions in felony-murder situations. Here, however, Squires was not sentenced for felony-murder. Rather, the record supports the conclusion that Squires committed premeditated murder. Since the Hegstrom sentencing restrictions do not operate in premeditated murder situations, the imposition of life sentences on both the robbery and kidnapping charges was proper.
Squires' convictions and sentences are affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.