513 So.2d 138 (1987)
William Michael SQUIRES, Appellant,
v.
STATE of Florida, Appellee.
No. 69003.
Supreme Court of Florida.
October 1, 1987.
*139 Larry Helm Spalding, Capital Collateral Representative; Mark E. Olive, Litigation Director, and Billy H. Nolas, Staff Attorney of Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This Court previously affirmed Squires' conviction and sentence of death. Squires v. State, 450 So.2d 208 (Fla.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). We now have for review the denial of Squires' motion for postconviction relief. We have jurisdiction pursuant to Article V, section 3(b)(1), Florida Constitution. Since the court neither held an evidentiary hearing nor attached any portion of the record to the order of denial, our review is limited to determining whether the motion on its face conclusively shows that Squires is entitled to no relief. Fla.R.Crim.P. 3.850.
Squires raises several points on this appeal, only two of which merit any discussion. Squires claims that he should have been granted an evidentiary hearing to determine whether his trial attorney rendered him ineffective assistance of counsel. We agree, but only in so far as his claims relate to defense counsel's alleged failure to interview Donald Hynes as a possible defense witness and counsel's alleged failure to challenge Squires' incriminating statements made to law enforcement and correctional officers.
Squires additionally alleges that certain exculpatory materials were withheld from him by the state in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that he should have been granted an evidentiary hearing on this issue as well. Again, we agree. Upon remand to the trial court, the judge shall explore the allegations of Brady violations, but only as they relate to the following two issues: first, whether Detective Peterson's deposition statements concerning Donald Hynes were misleading to the defense, and second, whether the state should have furnished the police report of Hynes' statement to the defense.
As to the other issues raised by Squires on this appeal, we have considered all of them and find each to be without merit. We therefore affirm as to those issues, but reverse and remand for an evidentiary hearing on the issues specified in this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.