564 So.2d 1074 (1990)
William Michael SQUIRES, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 76101.
Supreme Court of Florida.
July 5, 1990.
*1075 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, and Julie D. Naylor and Jerome H. Nickerson, Assts. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for respondent.
*1076 PER CURIAM.
This is a petition for writ of habeas corpus and request for stay of execution. We have jurisdiction under article V, section 3(b)(1) and (9) of the Florida Constitution.
Squires and another man robbed a service station, kidnapped the attendant, and later killed him. His murder conviction and sentence of death were affirmed. Squires v. State, 450 So.2d 208 (Fla.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). His motion for postconviction relief was denied without a hearing. On appeal, this Court reversed in part and remanded for an evidentiary hearing on specified issues. Squires v. State, 513 So.2d 138 (Fla. 1987). Following an evidentiary hearing, the trial court once again denied the motion. We affirmed the trial court's order. Squires v. State, 558 So.2d 401 (Fla. 1990).
Squires raises numerous claims in his petition. We reject each of them for reasons hereafter set forth.
CLAIM I
THE JURY WAS IMPROPERLY INSTRUCTED ON IMPROPERLY ADMITTED EVIDENCE OF "OTHER CRIMES" AND THIS ERROR UNDERMINED THE RELIABILITY OF THE JURY'S DETERMINATION AS TO GUILT-INNOCENCE AND SENTENCE, IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS; THE FAILURE TO FULLY RAISE THIS ISSUE ON DIRECT APPEAL CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.
The other crimes argument premised on Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), was fully raised on direct appeal and rejected by this Court in its opinion. This claim is procedurally barred.
CLAIM II
MR. SQUIRES' SENTENCING JURY WAS NOT INSTRUCTED ON THE "HEINOUS, ATROCIOUS, OR CRUEL" AGGRAVATING CIRCUMSTANCE, OR THE COLD, CALCULATED, AND PREMEDITATED AGGRAVATING CIRCUMSTANCE, AND WAS IMPROPERLY INSTRUCTED ON OTHER AGGRAVATING CIRCUMSTANCES, AND THESE AGGRAVATORS WERE IMPROPERLY ARGUED AND IMPOSED IN VIOLATION OF MAYNARD v. CARTWRIGHT, HITCHCOCK v. DUGGER, AND THE EIGHTH AND FOURTEENTH AMENDMENTS.
The arguments concerning the heinous, atrocious, or cruel and the cold, calculated, and premeditated aggravating circumstances were raised on direct appeal. Moreover, this Court approved the findings with respect to both of these aggravating circumstances. Even though there was no objection to the instruction on the other aggravating circumstances, any claim of error pertaining thereto should have been raised on direct appeal. This claim is procedurally barred.
CLAIM III
MR. SQUIRES' SENTENCE OF DEATH RESTS ON THE UNCONSTITUTIONAL APPLICATION OF AGGRAVATING CIRCUMSTANCES AND IS THEREFORE FUNDAMENTALLY UNRELIABLE AND UNFAIR, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS.
Because this claim was raised on direct appeal, it is procedurally barred.
CLAIM IV
THE SENTENCING COURT ERRED BY FAILING TO PROPERLY AND TIMELY WEIGH AGGRAVATING AND MITIGATING CIRCUMSTANCES, CONTRARY TO MR. SQUIRES' FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS.
This claim is predicated upon the fact that the Court's written sentence with factual findings was not filed until eleven days after Squires was orally sentenced to death. This issue is procedurally barred *1077 because it was not raised on direct appeal. Even if the argument had been made, it would not have been successful. See Muehleman v. State, 503 So.2d 310 (Fla.) (death sentence sustained when written order followed jury's recommendation of death by two and one-half months), cert. denied, 484 U.S. 882, 108 S.Ct. 39, 98 L.Ed.2d 170 (1987). It was not until Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989), that this Court established a prospective rule that all written orders imposing a death sentence should be filed concurrent with the pronouncement of death.
CLAIM V
MR. SQUIRES' SENTENCE OF DEATH VIOLATES THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS BECAUSE THE PENALTY PHASE JURY INSTRUCTIONS AND THE SENTENCING COURT'S OWN CONSTRUCTION SHIFTED THE BURDEN TO MR. SQUIRES TO PROVE THAT DEATH WAS INAPPROPRIATE.
This claim is procedurally barred because it should have been raised on direct appeal. Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989). Appellate counsel cannot be deemed ineffective for not raising the claim because no objection was interposed to the giving of the instruction. Preston v. State, 531 So.2d 154 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989).
CLAIM VI
WILLIAM MICHAEL SQUIRES WAS DEPRIVED OF HIS FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS BECAUSE HE WAS NOT PROVIDED WITH EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL.
While this claim is not procedurally barred, the allegations in the petition do not state a claim for relief.
CLAIM VII
MR. SQUIRES' DEATH SENTENCE RESTS UPON AN UNCONSTITUTIONAL AUTOMATIC AGGRAVATING CIRCUMSTANCE, IN VIOLATION OF MAYNARD v. CARTWRIGHT, LOWENFIELD v. PHELPS, HITCHCOCK v. DUGGER, AND THE EIGHTH AMENDMENT.
This argument was raised on direct appeal and rejected by this Court. The claim is procedurally barred. Further, this claim was raised in Squires' first motion for postconviction relief. The claim was rejected by the trial court, and that decision was affirmed by this Court.
CLAIM VIII
MR. SQUIRES' SENTENCING JURY WAS REPEATEDLY MISLED BY INSTRUCTIONS AND ARGUMENTS WHICH UNCONSTITUTIONALLY AND INACCURATELY DILUTED THEIR SENSE OF RESPONSIBILITY FOR SENTENCING, CONTRARY TO CALDWELL v. MISSISSIPPI, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), AND IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS. MR. SQUIRES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PROPERLY LITIGATE THIS ISSUE.
This issue is procedurally barred because it was not raised on direct appeal. King v. Dugger, 555 So.2d 355 (Fla. 1990). Appellate counsel could not be deemed ineffective because no objections were interposed to the instructions and arguments which are said to be offending. Further, this claim was raised in Squires' first motion for postconviction relief. The claim was rejected by the trial court, and that decision was affirmed by this Court.
CLAIM IX
DURING THE COURSE OF MR. SQUIRES' TRIAL AND SENTENCING PROCEEDINGS, THE PROSECUTOR IMPROPERLY ASSERTED THAT SYMPATHY *1078 AND MERCY TOWARDS MR. SQUIRES WERE IMPROPER CONSIDERATIONS, IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.
Because this claim was not raised on direct appeal, it is procedurally barred.
CLAIM X
THE JURY INSTRUCTION THAT A VERDICT OF LIFE MUST BE MADE BY A MAJORITY OF THE JURY WAS ERRONEOUS AND MATERIALLY MISLED THE JURY AS TO ITS ROLE AT SENTENCING AND CREATED THE RISK THAT DEATH WAS IMPOSED DESPITE FACTORS CALLING FOR LIFE, CONTRARY TO THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.
Because this claim was not raised on direct appeal, it is procedurally barred. Further, this claim was raised in Squires' first motion for postconviction relief. The claim was rejected by the trial court, and that decision was affirmed by this Court.
CLAIM XI
MR. SQUIRES' RIGHTS TO A FUNDAMENTALLY FAIR AND RELIABLE CAPITAL TRIAL AND SENTENCING DETERMINATION WERE VIOLATED WHEN THE STATE URGED THAT HE BE CONVICTED AND SENTENCED TO DEATH ON THE BASIS OF VICTIM IMPACT AND OTHER IMPERMISSIBLE FACTORS, IN VIOLATION OF BOOTH v. MARYLAND, SOUTH CAROLINA v. GATHERS, AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.
Because this claim was not raised on direct appeal, it is procedurally barred. Appellate counsel cannot be deemed ineffective for not arguing the claim because there were no objections interposed to the material which is said to constitute victim impact evidence. Daugherty v. State, 533 So.2d 287 (Fla. 1988).
We deny Squires' petition for writ of habeas corpus and his request for stay of execution. No petition for rehearing shall be permitted.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., did not participate in this case.