**Douglas Ray MEEKS, Petitioner–Appellant,**

v.

**Harry K. SINGLETARY, Secretary, Florida Department of Offender Rehabilitation, and Tom Barton, Superintendent of Florida State Prison at Starke, Florida, Respondents–Appellees.**

No. 87–3281.

United States Court of Appeals, Eleventh Circuit.

May 29, 1992.

Stephen D. Stitt, Key West, Fla., Billy N. Nolas, Tallahassee, Fla., Julie D. Naylor, Ocala, Fla., for petitioner-appellant.

Richard E. Doran, Carolyn Snurkowski, Asst. Attys. Gen., Tallahassee, Fla., for respondents-appellees.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and CLARK, Senior Circuit Judge.

TJOFLAT, Chief Judge:

Douglas Ray Meeks is a Florida prison inmate. In two separate trials, Meeks was convicted of first degree murder and sentenced to death. Meeks appeals from an order of the United States District Court for the Northern District of Florida denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988) without an evidentiary hearing.

We reverse the district court's denial of habeas relief and remand the case for proceedings consistent with this opinion.

I.

The extended procedural history of this case has been outlined in a recent opinion by the Florida Supreme Court. *See Meeks v. Dugger,* 576 So.2d 713 (Fla.1991). In that opinion, the Florida Supreme Court remanded the case to the state trial court for an evidentiary hearing to determine whether jury instructions given at the sentencing phases of both trials in violation of *Hitchcock v. Dugger,* 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), constituted harmless error. *Meeks,* 576 So.2d at 716. Proceedings in the state trial court have been held in abeyance pending our disposition of this appeal.

In his amended federal habeas petition, Meeks asserted thirteen "grounds of illegality of [his] convictions and death sen-

tences."[1] The district court addressed the merits of only two grounds for relief: (1) petitioner's counsel rendered ineffective assistance during the guilt and sentencing phases of petitioner's trials, and (2) petitioner's death sentences were the product of racial discrimination in violation of petitioner's right to equal protection as guaranteed by the Equal Protection Clause of the Fourteenth Amendment, and in violation of petitioner's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.[2] In support of its finding that "only the two issues named above remain," the district court explained:

> Since the remaining grounds asserted in the petition for writ of habeas corpus have never formally been abandoned, the Court notes the following in support of its judgment that only the two issues named above remain. First, as early as December 6, 1983 counsel for petitioner stated in a letter to the court (doc 25) that only two issues remained to be resolved (one of which was effectiveness of counsel). Second, as recently as the status conference of June 6, 1985, only the two issues named above were argued by petitioner's counsel. Finally, the Florida Supreme Court was presented with almost all of the issues asserted in the instant petition. In *Meeks v. State*, 382 So.2d 673 (Fla.1980) that Court held that all of petitioner's claims *except* ineffective assistance of counsel and racial discrimination were barred by procedural default.

(Emphasis in original.)

We note at the outset that the district court's reasons for addressing but two of petitioner's claims remain unclear. As the court correctly remarked, petitioner never formally abandoned any claims. The court's order suggests that the court failed to address the merits of petitioner's remaining claims because he informally abandoned them and because the Florida Supreme Court had found some, but not all, of the remaining claims to have been procedurally defaulted. The court's order permits at least three interpretations. First, the court found that petitioner had abandoned the remaining claims, a conclusion supported by the Florida Supreme Court's finding of procedural default as to "almost all" the remaining issues. Second, although the court found that petitioner never had abandoned the remaining claims, a letter by petitioner's counsel to the court and that counsel's arguments at a status hearing, synergetically combined with the Florida Supreme Court's finding of procedural default as to "almost all" the remaining claims, somehow relieved the district court of its obligation to consider these claims. Finally, the court found both that petitioner had abandoned the remaining claims, and that he was procedurally barred from raising any of them in federal court due to the Florida Supreme Court finding of procedural default as to "almost all" of them.

For purposes of this opinion, we adopt the third, and most charitable, reading of the district court's order. We first address the two claims the district court decided to consider on the merits: "ineffective assistance of counsel" and "racial discrimination." The latter claim is without merit in light of *McCleskey v. Kemp*, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). Before delving into a discussion of the ineffectiveness claim the district court did discuss, we briefly comment on the ineffectiveness claim it did not. Petitioner raised two distinct claims of ineffective assistance of counsel, one pertaining to his counsel's performance at the guilt and sentencing phases of his two trials, the other relating to that counsel's performance on appeal from petitioner's convictions and sentences.

---

1. Meeks originally filed separate federal habeas petitions challenging the conviction and sentence resulting from each of his two state trials. He later moved to consolidate his petitions into one petition. For convenience's sake, this opinion does not distinguish between identical challenges to the conviction or sentence in one trial and to the conviction or sentence in the other.

2. Properly speaking, the latter "ground of illegality" alleged two constitutional violations and thereby encompassed two claims for relief. See *Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir.1992) (en banc).

As the State's response had done, the district court's order addressed only the former claim of ineffectiveness. Even the catch-all phrase at the end of the court's order refers solely to trial counsel's errors at trial and makes no reference to errors on appeal: "Having reviewed the complete record and all of petitioner's remaining assertions of errors by trial counsel, it is the judgment of this Court that no such errors were reasonably likely to have an effect on petitioner's trials sufficient to warrant reversal." On remand, we direct the district court to address petitioner's claim of ineffectiveness of counsel on appeal.

The court refused to hold an evidentiary hearing on petitioner's claim of ineffectiveness of counsel at trial because petitioner had received a full and fair hearing on this issue in the state court. The district court's discussion of petitioner's claim of ineffectiveness of counsel at trial, much like the State's response, consisted mostly of a summary of testimony given at the hearing on petitioner's motion pursuant to Fla.R.Crim.P. 3.850 in state trial court.

■■■■ The mere occurrence of a full and fair hearing in the state court, however, does not neutralize petitioner's right to an evidentiary hearing in federal court. "It is well established that a habeas petitioner is entitled to an evidentiary hearing on a claim *if he or she alleges facts that, if proved at the hearing, would entitle petitioner to relief.*" *James v. Singletary,* 957 F.2d 1562, 1573 n. 17 (11th Cir.1992) (citing *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); *Thomas v. Zant,* 697 F.2d 977, 983 (11th Cir.1983)). True, once a petitioner alleges such facts, and Meeks clearly does, an evidentiary hearing may not be required if a state court has made findings as to those very facts. State court fact findings would then be entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

In the present case, however, the rule 3.850 trial court never made any fact findings pertaining to petitioner's claims of ineffective assistance at trial and on appeal.[3] The Florida Supreme Court's opinion affirming the rule 3.850 court contains at most one passage that conceivably could be interpreted as a fact finding.[4] In its most recent opinion, the Florida Supreme Court summarily, and without any fact findings, rejected petitioner's claim of ineffectiveness on appeal. *Meeks v. Dugger,* 576 So.2d 713, 716 n. 3 (Fla.1991).

Motivated by the mistaken belief that the mere occurrence of a full and fair hearing in state court obviates the need for an evidentiary hearing in federal court, the district court, of course, made no reference to any findings by any state court. Accordingly, we hold that petitioner is entitled to an evidentiary hearing on his claims of

---

**3.** The Florida Supreme Court quoted the relevant portions of the trial court's findings in *Meeks v. State,* 418 So.2d 987, 988 (Fla.1982):

From the vantage point of hindsight of five years, defendant, through his present counsel, assaults the conduct of his defense by his former counsel. Although told that his former counsel was present for testimony, defendant did not choose to call him to explain his conduct of the trial and appeal. The State did not call former counsel. Nor did the Court. Thus, counsel whose conduct of the trial and appeal is in question did not testify.

Both defendant and the State did call attorneys to testify as expert witnesses. Opinions were expressed by them as to trial counsel's effectiveness. Defendant also made proffers as to racial attitudes in Taylor County as they existed at trial time and at the present as well as concerning defendant's background. Upon consideration, the court finds that the greater weight of the evidence does not support de-

fendant's contention that he did not receive reasonably effective assistance of counsel.

Tactics and strategy of counsel at trial, just as tactics and strategy of counsel at the instant evidentiary hearing, are areas that the trial judge could frequently be tempted to question. The court attempts to refrain from doing so lest it usurp counsel's role.

Upon consideration of the evidence, the court finds that defendant received reasonably effective assistance of counsel at trial and upon appeal based upon the totality of circumstances of these cases.

**4.** "We find this record [the trial transcript? the rule 3.850 petition? the rule 3.850 hearing?] does not establish any identifiable deficiencies in [Meeks'] trial counsel's voir dire examination; nor do we find his asserted failure to ask for additional peremptory challenges an erroneous omission by counsel necessitating a conclusion of ineffectiveness." *Meeks,* 418 So.2d at 988.

ineffective assistance of counsel at trial and on appeal.[5]

We now discuss the district court's grounds for not addressing all but two of petitioner's claims: abandonment and procedural default. Although the district court acknowledges that petitioner never "formally" abandoned any claims, it cites a letter from petitioner's counsel to the court of December 6, 1983, and the status conference of June 6, 1985, in support of its conclusion that petitioner, presumably informally, had abandoned all but two claims. Our review of the letter and the transcript of the status hearing has failed to produce any evidence that petitioner abandoned any claims. Certainly, neither the letter nor the transcript of the status conference permits the conclusion that petitioner knowingly, voluntarily, or intentionally abandoned any claim. *See Potts v. Zant*, 638 F.2d 727, 742, 747–51 (5th Cir. Unit B), *cert. denied*, 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); *Potts v. Zant*, 734 F.2d 526, 528–29 (11th Cir.1984), *cert. denied sub nom. Kemp v. Potts*, 475 U.S. 1068, 106 S.Ct. 1386, 89 L.Ed.2d 610 (1986).

First, the December 6 letter simply did not contain the statement the district court ascribed to it. Instead of stating "that only two issues remained to be resolved," the letter remarked that "one of the two primary issues in Mr. Meeks' case is the sufficiency of legal representation at trial, sentencing, and direct appeal." The letter responded to a May 31, 1983, order to show cause why Meeks' petition ought not be granted, and to indicate the time needed for an evidentiary hearing. The letter nowhere seeks to narrow the issues before the district court. Instead, it dovetailed the petitioner's November 30 motion for continuance of the evidentiary hearing—which never materialized—pending the resolution of the ineffective assistance issue in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which at that time was before the United States Supreme Court.

■ Likewise, nothing in the transcript of the status hearing as much as hints at abandonment of any claims. The district court's correct observation that petitioner's counsel argued only the two claims the court later decided to address on the merits does not support a finding of abandonment. Without belaboring the point, we hold that a finding of abandonment of any claims based on counsel's failure to address all claims at the status hearing in the case, without inquiry or notice by the court, constitutes a "trap for the unwary" we cannot countenance. *See Lefkowitz v. Newsome*, 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975).

■ The district court's other rationale for not addressing more than two of petitioner's thirteen claims, namely its reference to the Florida Supreme Court's statement that "almost all" of petitioner's claims had been procedurally defaulted, rests on similarly shaky ground. First, a state court's finding of procedural default with respect to a given claim does not automatically raise a procedural bar against consideration of that claim on federal habeas. A federal habeas petitioner may excuse state procedural default of a claim either by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law," or by establishing "that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *see also McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). In particular, a federal habeas petitioner may establish cause by demonstrating ineffective assistance on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Coleman*, —— U.S. at ——, 111 S.Ct. at 2567–68. As mentioned above, Meeks presented a claim of ineffectiveness on appeal, though the district court ignored it in its order. Moreover, even if petitioner

**5.** On remand, the district court will have to determine which state court findings, if any, constitute findings of fact entitled to a presumption of correctness. We further note that the State, by failing to address the issue, has waived the defense that petitioner may not present to the district court any instances of alleged ineffectiveness not raised in state court.

should not succeed in excusing his failure timely to raise the claims found by the Florida Supreme Court to have been procedurally defaulted, the Florida Supreme Court's 1980 finding obviously does not affect claims petitioner had not even raised at that time. The district court itself acknowledges that Meeks' petition contains such claims by observing that the Florida Supreme Court in 1980 had found "almost all" of petitioner's remaining claims to have been defaulted.

On remand, we instruct the district court carefully to discern exactly which claims the Florida Supreme Court identified as procedurally defaulted. With respect to these claims, the district court must then consider whether petitioner can demonstrate either cause and prejudice for his default, or a fundamental miscarriage of justice. The district court should address the merits of all other claims, unless it can articulate its reason or reasons for not doing so.

## II.

For the reasons stated above, we REVERSE the denial of habeas corpus relief and REMAND the case for proceedings in accordance with this opinion.

IT IS SO ORDERED.