**William Michael SQUIRES, Petitioner,**

v.

**Harry K. SINGLETARY, Jr., Respondent.**

**No. 90–848–CIV–T–17(C).**

United States District Court,
M.D. Florida,
Tampa Division.

April 8, 1993.

Billy H. Nolas, Billy H. Nolas, P.A., Julie D. Naylor, Julie D. Naylor, P.A., Ocala, FL, for petitioner.

Candace M. Sabella, Dept. of Legal Affairs, Atty. General's Office, Tampa, FL, for respondent.

## ORDER

KOVACHEVICH, District Judge.

This Order is issued in response to 1) Petitioner's Motion to Alter and Amend Judgment, for Imposition of New Judgment, and for Rehearing, and 2) Petitioner's Motion to Hold Proceedings in Abeyance Pending the Decision of the Florida State Courts on Petitioner's Application for Post Conviction Relief. For purposes of this Order, the Court will address Petitioner's Motions separately.

### HISTORY OF THE CASE

Petitioner William Michael Squires was convicted of the murder of Jesse Albritton during a service station robbery on the night of September 2, 1980. Following the penalty phase of the trial and after receiving instructions on statutory aggravating factors, the jury returned a recommendation of death. The trial court sentenced Petitioner to death for first degree murder after finding the following aggravating factors:

1. The capital felony was committed by a person under the sentence of imprisonment;

2. The defendant was previously convicted of another capital felony or of a felony involving the threat of violence to the person;

3. The capital felony was committed while the defendant was engaged, or was an accomplice in the commission of, or an attempt to commit, or flight after robbery, rape, arson, burglary, kidnapping or aircraft piracy or the unlawful throwing, placing, or discharging or a destructive device or bomb;

4. The capital felony was especially heinous, atrocious, or cruel; and

5. The capital felony was homicide and was committed in a cold, calculated, and premeditated manner without any pretense or moral or legal justification.

The trial court also sentenced Petitioner to life imprisonment on each of the counts of kidnapping and robbery, to be served consecutively. The Florida Supreme Court affirmed the convictions and sentences. *Squires v. State*, 450 So.2d 208 (Fla.1984).

Petitioner filed several motions for post conviction relief. He first filed, *pro se*, a motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. Petitioner then filed in the state court an amended motion to vacate judgments and sentences as well as motions for an evidentiary hearing and for discovery. These motions were denied by the state court.

Petitioner then appealed the denial of his motion for post conviction relief to the Florida Supreme Court. Florida's highest court then remanded two claims to the trial court for an evidentiary hearing. *Squires v. State*, 513 So.2d 138 (Fla.1987). The trial court thereafter examined whether Petitioner's trial attorney rendered ineffective assistance of counsel by failing to challenge the admission of Petitioner's inculpatory statements to law enforcement. Next, the trial court examined the possibility that exculpatory evidence was withheld from the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Following the evidentiary hearing on these issues, the trial court denied Petitioner's Rule 3.850 motion and the Florida Supreme Court affirmed. *Squires v. State*, 558 So.2d 401 (Fla.1990).

Petitioner filed a second Rule 3.850 motion in the state trial court on June 1, 1990. The trial court denied this motion on June 8,

1990. Petitioner appealed once again to the Florida Supreme Court and also filed a petition for writ of habeas corpus. The Florida Supreme Court affirmed the trial court's denial of Petitioner's Rule 3.850 motion and denied the petition for writ of habeas corpus. *Squires v. Dugger*, 564 So.2d 1074 (Fla.1990).

Petitioner petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 9, 1990, together with an application for stay of Petitioner's execution then set for July 10, 1990. This Court entered a stay of execution so that Petitioner's claims could be judiciously considered. This Court then denied the petition for a writ of habeas corpus on May 26, 1992. 794 F.Supp. 1568 (M.D.Fla.1992).

On June 2, 1992, Petitioner filed the first motion which this Order addresses, a Motion to Alter and Amend Judgment, for Imposition of New Judgment, and for Rehearing. For the reasons set forth below, the Court will deny the motion.

On December 2, 1992, Petitioner filed the second motion which this Order addresses, a motion to hold the instant habeas corpus proceeding in abeyance pending the decision of the Florida state courts on his application for post-conviction relief. For the reasons set forth below, the Court will deny the motion.

## PETITIONER'S MOTION TO ALTER AND AMEND JUDGMENT, FOR IMPOSITION OF NEW JUDGMENT, AND FOR REHEARING

Petitioner submits several arguments in support of his first motion. First, Petitioner argues that there is a need for an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel during the trial, sentencing, and appellate phases of the trial. Further, Petitioner argues that this Court erred in its consideration of the application of certain aggravating factors.

### 1) Ineffective Assistance of Counsel at Trial

Petitioner requests that this Court reconsider its May 29, 1992 denial of an evidentiary hearing on the claims of ineffective assistance of counsel. In support of this claim, Petitioner relies on the Eleventh Circuit case of *Meeks v. Singletary*, 963 F.2d 316 (11th

Cir.), *reh'g, en banc, denied,* 974 F.2d 173 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1362, 122 L.Ed.2d 741 (1993). Petitioner's motion cites *Meeks* and correctly states that "[t]he mere occurrence of a full and fair hearing in the state court ... does not neutralize petitioner's right to an evidentiary hearing in federal court." 963 F.2d at 319. However, the *Meeks* decision also reiterates that "[i]t is well established that a habeas petitioner is entitled to an evidentiary hearing on a claim *if he or she alleges facts that, if proved at the hearing, would entitle petitioner to relief.* True, once a petitioner alleges such facts ... an evidentiary hearing may not be required if a state court has made findings as to those very facts." *Id.* (Emphasis in original).

Upon instruction by the Florida Supreme Court, the state trial court in the instant case conducted an extensive evidentiary hearing on the issue of ineffective assistance of counsel. *Squires v. .State,* 513 So.2d 138 (Fla. 1987). The Florida Supreme Court reviewed the factual findings of the lower court and affirmed the trial court's denial of post-conviction relief. *Squires v. State,* 558 So.2d 401 (Fla.1990). At the evidentiary hearing, Squires' trial attorney Rick Edwards testified as to his reasoning for declining to interview Donald Hynes as a possible defense witness. 558 So.2d at 402. Squires claimed that Hynes should have been interviewed because his testimony could have contradicted the testimony of prosecution witnesses. *Id.* Edwards testified that he was concerned that Hynes might actually say that, contrary to the defense's theory, Squires was in Tampa on the date of the murder. Further, Edwards felt that Hynes' statements could have weakened Petitioner's credibility. The trial court found that Edwards' decisions were legitimate tactical ones and did not amount to ineffective assistance of counsel. 558 So.2d at 403.

The state court evidentiary hearing also addressed Squires' argument that his counsel was ineffective because he did not attempt to suppress nine inculpatory statements given while Squires was under medication for injuries suffered when captured. When asked at the hearing why he did not seek to have the

numerous statements suppressed, Edwards replied:

We thought if a jury heard he made nine confessions or somewhere in that area, that might dilute the veracity of the confessions. Somebody normally would not give nine confessions in a murder first trial. That has been my experience.

*Squires,* 558 So.2d at 403.

The Florida Supreme Court agreed with the trial judge's conclusion that, given the problems defense counsel faced, his election not to try to suppress the statements was a legitimate tactical decision. *Id.*

■ As seen in the above cited decisions, the issues of ineffective assistance of counsel have been fully explored in a state evidentiary hearing and reviewed again by the Florida Supreme Court. Since an evidentiary hearing on Squires' claim of ineffective assistance of counsel has already been conducted by a state court, this Court finds that a further evidentiary hearing on these claims is not required.

■ The United States Court of Appeals for the Eleventh Circuit took issue with the fact that the district court in *Meeks* made no reference to any findings by any state court. However, this Court has not only considered the state court evidentiary hearing, it has also reviewed trial transcripts and other supporting documents and referred to the state court record in its denial of the writ of habeas corpus. Further, both the state trial and appellate courts set forth adequate factual reasons for the denial of Petitioner's claim of ineffective assistance of counsel. These state court findings are entitled to a presumption of correctness. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Accordingly, the portion of Petitioner's motion based upon ineffective assistance of counsel at trial lacks merit.

### 2) Ineffective Assistance of Counsel at Sentencing and Appeal

Petitioner submits that this Court erred in its denial of a hearing to explore Petitioner's claims of ineffective assistance of counsel at the sentencing phase of the trial. Specifically, Petitioner asserts that his defense counsel's assistance at sentencing was ineffective due to the fact his attorney did not present mitigating factors of Petitioner's troubled childhood. Petitioner argues that this Court found Petitioner's argument without merit simply because numerous aggravating factors existed. In support of this argument, Petitioner quotes the Eleventh Circuit's finding that "the demonstrated availability of undiscovered mitigating evidence clearly [meets] the prejudice requirement" in an ineffective assistance claim. *Blanco v. Singletary,* 943 F.2d 1477 (11th Cir.1991).

■ However, as this Court stated in its earlier opinion, when defense counsel consults with his client and decides not to put on mitigating evidence, counsel is not ineffective if evidence of mitigating circumstances is weak and evidence of aggravating circumstances is strong. *Tafero v. Wainwright,* 796 F.2d 1314 (11th Cir.1986), *cert. denied,* 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 782 (1987). In the death penalty case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court found "that given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating factors, and, hence, the sentence imposed." 466 U.S. at 700, 104 S.Ct. at 2071.

■ Assuming that all potential mitigating factors that Petitioner did not present are true, Petitioner has still failed to show that he was prejudiced. A consideration of the potential mitigating factors in light of the aggravating factors still reveals that Petitioner was not prejudiced by his defense counsel's decision not to present the evidence at sentencing. Therefore, this portion of Petitioner's claim is also without merit.

■ Petitioner further contends that this Court erroneously denied his request for an evidentiary hearing concerning the assistance of counsel on appeal. In support of this position, Petitioner states that *Meeks* mandates an evidentiary hearing on this issue due to the fact that it was not addressed by the state court as part of an evidentiary hearing. However, the *Meeks* case cites decisions which hold that a petitioner is entitled to an evidentiary hearing if he alleges facts

that, if proved at the hearing, would entitle him to relief. *See James v. Singletary,* 957 F.2d 1562 (11th Cir.1992); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Simply because the claim of ineffective assistance of counsel on appeal was not examined by the state court does not automatically mean that Petitioner would be entitled to relief.

The *Strickland* ineffective assistance of counsel test is applicable to appellate counsel as well. In order to satisfy the *Strickland* bifurcated test, Petitioner must first show that appellate counsel made serious errors during the preparation of his appeal. Second, Petitioner must show that his appellate counsel's ineffective performance was prejudicial. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ As this Court previously stated, Petitioner has failed to raise any specific instance of reversible error that was not addressed by appellate counsel on direct appeal. Petitioner argued in his petition for writ of habeas corpus that appellate counsel failed to include transcripts of several bench conferences in the appellate record. However, Petitioner fails to allege any particular event that was precluded from the record that resulted in prejudice. Since Petitioner has failed to specifically allege how appellate counsel's behavior resulted in prejudice, an evidentiary hearing on the circumstances surrounding appellate counsel's actions remains unnecessary. Accordingly, this Court finds that Petitioner's argument that an evidentiary hearing is required to determine the effectiveness of counsel on appeal lacks merit.

### 3) Improper Application of Aggravating Factors

Petitioner contends that this Court erred when it denied his claim challenging certain jury instructions. In his petition for writ of habeas corpus, Petitioner claimed that the sentencing jury was not given proper instructions on relevant aggravating circumstances including the "heinous, atrocious, or cruel" aggravating circumstance and the "cold, calculated, and premeditated" aggravating circumstance. Petitioner challenged the propriety of these instructions in his state court appeals. The Florida Supreme found sufficient evidence for the jury to find both aggravating factors. *Squires v. State,* 450 So.2d 208 (Fla.1984). Petitioner subsequently claimed that the trial court failed to give appropriate limiting instructions to the jury regarding the aggravating circumstances.

■ Failure to timely raise claims during the state appellate process bars federal habeas review unless Petitioner demonstrates cause for the default and actual prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner's first mention of the trial court's failure to give an appropriate limiting instruction came during his petition for writ of habeas corpus to the Florida Supreme Court. Further, Petitioner still has not demonstrated any independent, objective factor external to the defense that prevented counsel from complying with the procedural rules and raising the claim in his direct appeal. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Therefore, this portion of Petitioner's motion is denied.

Accordingly, Petitioner's Motion to Alter and Amend Judgment, for Imposition of New Judgment, and for Rehearing will be denied.

### PETITIONER'S MOTION TO HOLD PROCEEDINGS IN ABEYANCE

Petitioner moves this Court to enter an Order holding the instant habeas corpus proceeding in abeyance pending the decision of the Florida State courts on Petitioner's application for post-conviction relief. Petitioner predicates his request upon the fact that the "heinous, atrocious, and cruel" jury instruction was unconstitutionally vague. This Court, however, need not address the merits of Petitioner's claim because it is procedurally barred.

■ Issues raised by a habeas petitioner which have been litigated or should have been litigated in prior proceedings are procedurally barred. *Kennedy v. Singletary,* 602 So.2d 1285 (Fla.1992), *cert. denied,* ─── U.S. ───, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992), *Atkins v. Singletary,* 965 F.2d 952 (11th Cir.1992). Petitioner's claims that the jury wrongly received instructions on the above referenced aggravating factors have already been addressed by this Court and Florida State courts. Further, Petitioner

has failed to raise this issue, as presently framed, on either direct appeal in the state court, state collateral attack, or the petition for writ of habeas corpus filed with this Court. As such, Petitioner's motions are procedurally barred. Therefore, the holding of the instant proceedings in abeyance pending the disposition of motions in state court would not further the interests of justice.

Accordingly, it is **ORDERED** that Petitioner's Motion to Alter and Amend Judgment, for Imposition of New Judgment, and Petitioner's Motion for Rehearing and to Hold Proceedings in Abeyance (Doc. Nos. 43, 45) are **DENIED**.