# Supreme Court of Florida

_____

No. SC17-846
_____

**ANDREW RICHARD ALLRED,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[November 16, 2017]

PER CURIAM.

Andrew Richard Allred, a prisoner under sentences of death, appeals the circuit court's order summarily denying his first successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

In 2008, Allred pleaded guilty to and was convicted of the first-degree premeditated murders of Michael Ruschak and Tiffany Barwick. Allred subsequently waived his right to a jury in the penalty phase. Following the penalty

phase bench trial and a Spencer[1] hearing, the trial court sentenced Allred to death for each of the murders. We affirmed Allred's convictions and sentences of death on direct appeal. Allred v. State, 55 So. 3d 1267 (Fla. 2010). We also upheld the denial of his initial motion for postconviction relief. Allred v. State, 186 So. 3d 530 (Fla. 2016).

In January 2017, Allred filed his current first successive postconviction motion in which he raised numerous claims in light of Hurst v. Florida, 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017). In April 2017, the circuit court entered an order summarily denying Allred's successive postconviction motion. This appeal followed. While Allred's postconviction case was pending in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on this Court's precedent in Mullens v. State, 197 So. 3d 16 (Fla. 2016), cert. denied, 137 S. Ct. 672 (2017).

In Mullens, this Court held that a defendant "cannot subvert the right to jury factfinding by waiving that right and then suggesting that a subsequent development in the law has fundamentally undermined his sentence." Mullens, 197 So. 3d at 40. This Court has consistently relied on Mullens to deny Hurst

---

1. Spencer v. State, 615 So. 2d 688 (Fla. 1993).

relief to defendants that have waived the right to a penalty phase jury.  See, e.g., Dessaure v. State, No. SC17-1075 (slip op. issued Fla. Nov. 16, 2017); Twilegar v. State, No. SC17-839, 2017 WL 4985519 (Fla. Nov. 2, 2017); Covington v. State, 42 Fla. L. Weekly S787, 2017 WL 3764377, at *14 (Fla. Aug. 31, 2017); Knight v. State, 211 So. 3d 1, 5 n.2 (Fla. 2016); Robertson v. State, No. SC16-1297, 2016 WL 7043020, at *1 n.1 (Fla. Dec. 1, 2016); Davis v. State, 207 So. 3d 177, 212 (Fla. 2016), cert. denied, 137 S. Ct. 2218 (2017); Brant v. State, 197 So. 3d 1051, 1079 (Fla. 2016).  Allred is among those defendants who validly waived the right to a penalty phase jury, and his arguments do not compel departing from our precedent.

Accordingly, we affirm the circuit court's order summarily denying Allred's first successive motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Seminole County,
    Jessica J. Recksiedler, Judge - Case No. 592007CF004890A000XX

James V. Viggiano, Jr., Capital Collateral Regional Counsel, Mark S. Gruber, and Julie A. Morley, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Vivian Singleton, Assistant Attorney General, Daytona Beach, Florida,

for Appellee