PER CURIAM. We hereby affirm the trial court’s denial of Kenneth Louis Dessaure’s successive motion for postconviction relief. See Mullens v. State, 197 So.3d 16, 40 (Fla. 2016) (determining that defendant who validly waived penalty phase jury was not entitled to relief under Hurst because a defendant “cannot subvert the right to jury factfind-ing by waiving that right and then suggesting that a subsequent development in the law has fundamentally undermined his sentence”), cert. denied, - U.S. -, 137 S.Ct. 672, 196 L.Ed.2d 557 (2017); see also Brant v. State, 197 So.3d 1051, 1079 (Fla. 2016) (relying on Mullens to conclude that a claim for Hurst relief after defendant waived penalty phase jury was equally precluded in the postconviction context). It is so ordered." LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.