# Supreme Court of Florida

———————

No. SC18-1061

———————

**CHARLES GROVER BRANT,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 7, 2019

PER CURIAM.

Charles Grover Brant, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

For conduct arising from the 2004 killing of Sara Radfar, "Brant pleaded guilty to first-degree murder, sexual battery, kidnapping, grand theft of a motor vehicle, and burglary with assault or battery." *Brant v. State*, 21 So. 3d 1276, 1277 (Fla. 2009). "After a failed attempt to seat a penalty-phase jury . . . Brant waived his right to a jury, and the penalty phase proceeded before the trial judge." *Brant v.*

*State*, 197 So. 3d 1051, 1057 (Fla. 2016). The trial judge "sentenced Brant to death for the murder, concurrent terms of life imprisonment for the sexual battery, kidnapping, and burglary, and five years' imprisonment for the grand theft." *Id.* at 1062.

We affirmed Brant's convictions and sentences on direct appeal in 2009. *Brant*, 21 So. 3d at 1289. In 2014, Brant appealed the denial of his initial motion for postconviction relief and filed a petition for a writ of habeas corpus. *Brant*, 197 So. 3d at 1056. While his case was pending in this Court, the United States Supreme Court issued its decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016). Accordingly, we permitted Brant "to file supplemental briefing to address the impact of *Hurst* on his sentence." *Brant*, 197 So. 3d at 1079. In 2016, we rejected Brant's *Hurst v. Florida* claim, affirmed the denial of his initial postconviction motion, and denied his habeas petition. *Brant*, 197 So. 3d at 1079.

In 2017, Brant filed a successive postconviction motion, arguing that his death sentence was unconstitutional under *Hurst v. Florida* and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). The circuit court summarily denied the motion. Brant appealed, and we directed the parties to show cause why the circuit court's order should not be affirmed based on *Mullens v. State*, 197 So. 3d 16 (Fla. 2016), *cert. denied*, 137 S. Ct. 672 (2017).

We conclude that the circuit court properly denied relief. Brant's claim is procedurally barred to the extent it was raised in his earlier postconviction appeal, *see Brant*, 197 So. 3d at 1079, and additionally fails on the merits. In *Mullens*, we held that a defendant's waiver of his right to a penalty phase jury was not rendered invalid by the subsequent changes in the law wrought by *Hurst v. Florida* and *Hurst v. State*. *Mullens*, 197 So. 3d at 38-40. Since issuing *Mullens*, we have consistently reaffirmed the principle that a defendant who waives his or her right to a penalty phase jury is not entitled to relief under the *Hurst* decisions. *See, e.g.*, *Lynch v. State*, 254 So. 3d 312, 322 (Fla. 2018), *cert. denied*, 139 S. Ct. 1266 (2019); *Hutchinson v. State*, 243 So. 3d 880, 883 (Fla.), *cert. denied*, 139 S. Ct. 261 (2018); *Rodgers v. State*, 242 So. 3d 276, 276-77 (Fla.), *cert. denied*, 139 S. Ct. 592 (2018); *Allred v. State*, 230 So. 3d 412, 413 (Fla. 2017); *Dessaure v. State*, 230 So. 3d 411, 412 (Fla. 2017). Brant is among those defendants who validly waived the right to a penalty phase jury, *see Brant*, 197 So. 3d at 1076, and his arguments do not compel departing from our precedent.

Accordingly, we affirm the circuit court's order summarily denying Brant's successive motion for postconviction relief.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Hillsborough County, Michelle Sisco, Judge - Case No. 292004CF012631000AHC

Marie-Louise Samuels Parmer of Samuels Parmer Law Firm, P.A., Tampa, Florida,

for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Christina Z. Pacheco, Assistant Attorney General, Tampa, Florida,

for Appellee